CRONE, Judge,
concurring in part and dissenting in part.
I agree with the majority's determination that ACE did not abandon Pernod or breach the Policy. I also agree that entry of final judgment on the Class's bad-faith claim would be premature. I respectfully disagree, however, with the majority's determination that ACE may avoid the settlement agreement based on the Policy's "voluntary payment" and "legally obligated to pay" provisions. An insurer who defends an insured under a reservation of rights should not be able to use those policy provisions as both a shield and a sword.
Most relationships between insurers and insureds involve a substantial imbalance in sophistication, financial resources, and settlement leverage. Consequently, few insureds are in a position to effectuate a settlement without contribution from their insurer. When an insurer reserves its rights under a policy, it takes a position adversarial to its insured. Although the insurer may be funding the defense, the insured still faces the very real possibility of economic ruin. As such, the insured has every incentive to minimize its exposure, and unilaterally negotiating a settlement involving policy proceeds and a release and/or a covenant not to execute may be the least expensive and most expeditious means of doing so.[12] If that settlement is reasonable and in good faith, then the insurer will probably end up no worse off than if it had gone to trial and perhaps much better off than if it had refused to defend and risked a bad-faith claim from its insured. And when all is said and done, the insurer can still dispute reasonableness, collusiveness, and coverage. To hold otherwise would simply allow the insurer to avoid the coverage that was contracted and paid for.
Courts should not reward insurers for putting their insureds in a perilous position, nor should they penalize insureds for trying to protect themselves. For that reason, I believe that ACE should not be able to avoid Pernod's settlement agreement based on the "voluntary payment" and "legally obligated to pay" provisions of the Policy. I express no opinion on the issues not addressed by the majority.

. It bears mentioning that Pernod, like the insured in Laikin, paid a significant portion of the agreed judgment and therefore had "skin in the game," as the CMA court called it. 682 F.Supp.2d at 893.